UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN LAMAR BLAKE,

        Plaintiff,

v.                                                        Case No. 3:23-cv-682-BJD-MCR

W. ROGERS, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Kevin Lamar Blake, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.). He seeks to proceed *in forma pauperis* (Doc. 3). Plaintiff names eleven Defendants, including officers and administrators, for incidents that occurred at Florida State Prison between December 2021 and May 2022. *See* Compl. at 2-5, 12. In the section of the complaint form that requires prisoners to explain what rights were violated, Plaintiff lists the First, Eighth, and Fourteenth Amendments for the alleged "hinderance of observance of religion . . . [and] access to the courts"; interference with grievances; "conditions of confinement, deliberate indifference, [and] failure to intervene"; and for the deprivation of his property without due process. *Id.* at 3. However, in the section of his complaint in which he provides the facts supporting his

claims, Plaintiff mentions only property deprivation. *Id.* at 5, 12-15. He alleges that on three separate dates—December 7, 2021, April 13, 2022, and May 12, 2022—officers tampered with, destroyed, or failed to properly inventory his personal property, including "religious study materials," and administrative officials failed to intervene "to assist him in receiving . . . his missing property." *Id.*

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint

must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

To state a plausible civil rights claim, a plaintiff must allege that a person acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. While Plaintiff alleges Defendants violated his rights under the First, Eighth, and Fourteenth Amendments, he complains solely about property deprivation, implicating only the Fourteenth Amendment, which provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

An intentional or negligent deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff has an adequate postdeprivation remedy available to him under state law. *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's

civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property).

Even if some prison officials failed to follow proper procedures in inventorying Plaintiff's personal property, Plaintiff fails to state a plausible claim for relief under § 1983. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (noting that prison regulations do not confer rights or benefits on inmates but guide prison officials). *See also Wilson v. Bussey*, No. CV 113-054, 2014 WL 2040109, *5 (S.D. Ga. May 12, 2014) (citing *Sandin*, 515 U.S. at 481-82) ("[A]n allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted.").

Finally, accepting as true that some of Plaintiff's religious study materials were confiscated, destroyed, or lost, Plaintiff fails to state a plausible First Amendment violation. "The First Amendment prohibits Congress from enacting any law 'prohibiting the free exercise' of religion." *Dorman v. Aronofsky*, 36 F.4th 1306, 1312 (11th Cir. 2022). Thus, a prisoner seeking to bring a claim for the violation of his "free exercise of religion" must allege that "a state actor imposed a 'substantial burden' on his practice of religion." *Wilkinson v. GEO Grp., Inc.*, 617 F. App'x 915, 917 (11th Cir. 2015).[1] "To prove

---

[1] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

that his religious exercise was substantially burdened, [a plaintiff] must present evidence that he was coerced to perform conduct that his religion forbids or prevented from performing conduct that his religion requires." *Id.* at 918 (holding the plaintiff failed to establish a First Amendment violation where a prison official destroyed a shrine that temporarily prevented the plaintiff from completing a religious ritual). *See also Dorman*, 36 F.4th at 1312, 1314 (explaining that a merely "incidental" burden on a person's religious practice or an "inconvenience" that does not coerce a "religious adherent to conform his or her behavior" does not offend the First Amendment).

Plaintiff does not allege a prison rule or policy prevented him from practicing his religion or coerced him to conform his behavior. *See* Compl. at 15. At most, he contends he was deprived of materials that may have temporarily caused an inconvenience or incidentally prevented him from studying—not practicing—his religion. *See id.* Because Plaintiff fails to state a plausible claim for relief against Defendants, his complaint is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED:**

1.    This case is **DISMISSED without prejudice**.

2.    The **Clerk** shall enter judgment dismissing this case without

prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of September 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:    Kevin Lamar Blake

6